

# FLORIDA
## DEPARTMENT OF
## FINANCIAL SERVICES

### SERVICE OF PROCESS
### PACKING SLIP

PLEASE VERIFY THAT YOU HAVE RECEIVED A PACKET FOR EACH CASE LISTED FOR THIS PACKAGE. IF YOU HAVE QUESTIONS OR MISSING PACKETS, PLEASE CALL (850) 413-4200.

1 Packets enclosed for CERTIFIED MAIL # 7007 0220 0000 0402 0749  DELIVERED TO:

THOMAS E GIBBS
LEBOEUF, LAMB, GREENE & MACRAE L.L.P.
SUITE 2800
50 NORTH LAURA STREET
JACKSONVILLE, FL 32202-3650

Initials:

| Date Served | DFS-SOP# | Case # | Plaintiff | County | Court |
|---|---|---|---|---|---|
| | | GLENCOE INSURANCE LTD. | | | |
| LMK 3/16/2010 | 10-15330 | 10 14268 CA 11 | MONTEREY HOMEOWNERS ASSOC | MIAMI-DADE | CIRCUIT COURT |

EXHIBIT
A

Page 1 of 1

IN THE CIRCUIT COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MONTEREY HOMEOWNERS ASSOCIATION, INC.

        Petitioner,

vs.

GLENCOE INSURANCE LTD.,

        Respondent.

CASE NO. 10-14268CA11

## SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Respondent:

by serving:   **GLENCOE INSURANCE LTD.**
at:   Florida Chief Financial Officer as RA
   Service of Process Section
   PO Box 6200
   Tallahassee, Florida 32314-6200

Each Respondent is required to serve written defenses to the complaint or petition on Plaintiff's Attorney whose name and address is:

        Kenneth R. Duboff, Esq.
        12430 West Dixie Highway
        North Miami, Florida 33161

within 20 days after service of this summons on that Respondent, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Respondent fails to do so, a default will be entered against that Respondent for the relief demanded in the petition of petition.

Dated:   MAR - 3 2010

        CLERK OF COURTS

        BY: DALLAS WALKER
            DEPUTY CLERK

COURT SEAL

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services


10-15330

| | |
|---|---|
| MONTEREY HOMEOWNERS ASSOCIATION, INC. | CASE #: 10 14268 CA 11 |
| | COURT: CIRCUIT COURT |
| PLAINTIFF(S), | COUNTY: MIAMI-DADE |
| | DFS-SOP#: 10-15330 |
| VS. | |
| GLENCOE INSURANCE LTD. | |
| DEFENDANT(S). | |

SUMMONS, PETITION TO COMPEL APPRAISAL AND/OR FOR DECLARATORY DECREE

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on the 12th day of March, 2010 and a copy was forwarded by Certified Mail on the 16th day of March, 2010 to the designated agent for the named entity as shown below.

GLENCOE INSURANCE LTD.
THOMAS E GIBBS
LEBOEUF, LAMB, GREENE & MACRAE L.L.P.
SUITE 2800
50 NORTH LAURA STREET
JACKSONVILLE FL 32202-3650

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*
Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

KENNETH R. DUBOFF
12430 WEST DIXIE HIGHWAY                    LMK
NORTH MIAMI FL 33161

IN THE CIRCUIT COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MONTEREY HOMEOWNERS
ASSOCIATION, INC.,

          Petitioner,

vs.

GLENCOE INSURANCE LTD..

          Respondent

CASE NO. 10-14268CA11



### PETITION TO COMPEL APPRAISAL AND/OR FOR DECLARATORY DECREE
*Florida Bar #218261*

COME NOW Petitioners, by and through the undersigned attorneys, and hereby sue Respondent and alleges:

### GENERAL ALLEGATIONS AS TO ALL COUNTS

1. This is an action to compel appraisal of losses under property insurance policy with a value in excess of $15,000.00 and/or for declaratory relief to determine and declare the rights of the Petitioner to an appraisal process under an insurance policy involving a claim with a value within the jurisdictional limits of this court, to wit in excess of $15,000.00.

2. At all times material hereto, Petitioner was and is a Florida corporation.

3. At all times material hereto, Respondent is an insurer in Florida.

4. At all times material hereto, in consideration of a premium paid by Petitioner, there was in full force and effect a certain insurance policy, being Policy number DC-25165-00 (hereafter called the "Policy"). Petitioner does not have a true and complete copy of the Policy, but Respondent has a true and correct copy of the Policy. Petitioner reserves the right to supplement this Petition by filing a true and correct copy of the policy upon receipt from Respondent pursuant to discovery in

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

process;

      b.    to select a neutral and competent umpire for the appraisal process

      c.    to award Petitioners reasonable attorney's fees pursuant to Fla. Stat. §627.428 and/or §626.9373;

      d.    to award Petitioners court costs

## COUNT II

### PETITION FOR DECLARATORY RELIEF

18. Respondent's refusal and/or failure to proceed with the appraisal process evidences a position by Respondent that it has no obligation under the policy to comply with Petitioners' request to commence the appraisal process.

19. Although Petitioners believe that Respondent's refusal and/or failure to proceed with the appraisal process is a breach of Respondent's obligations under the policy, thereby relieving Petitioners, as the non-breaching party, to perform any further post loss policy requirements as a condition precedent to commencing the appraisal process, Petitioners are in doubt as to Petitioners' rights under the policy to compel an appraisal.

20. As a direct and proximate result of the foregoing conflicting positions of the parties, there is an actual controversy between the parties which requires judicial interpretation as to whether Petitioner is entitled have the amount of losses determined by the appraisal process, and accordingly, Petitioners seek a declaration as to Petitioners' rights relative to compelling Respondent to proceed with the appraisal process to determine the amount of the loss.

21. In essence, the purpose of this declaratory decree claim is to obtain a judicial interpretation of the policy, as it relates to the facts involved herein, which establishes that

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

this action.

5. Under the terms of the Policy, Respondent insured Petitioner against certain losses to Petitioner's property comprised of a number of buildings located in Miami-Dade County, Florida having a main street address of 865 NE 209th Street, Miami, FL 33179 (hereafter called the "property").

6. Under the material terms of the insurance policy, if the parties fail to agree on the amount of a loss, either party may demand an appraisal process to determine the amount of the loss (hereafter called the "appraisal process").

7. The provision for the "appraisal process" provides that a decision agreed to by any two of the appraisal panel will be binding.

8. While the Policy was in full force and effect, the property suffered damages caused by Hurricane Katrina on or about 08/25/2005 and caused by Hurricane Wilma on or about 10/24/2005.

9. Respondent acknowledged insurance coverage for each Hurricane loss in amounts unilaterally determined by Respondent to be the total amount of the losses.

10. Subsequent thereto, Petitioner requested Respondent to re-evaluate the amount of losses in that Petitioner had become apprised by a licensed public insurance adjuster that the extent of the combined damage caused by the hurricanes exceeded Respondent's evaluation of the losses.

11. In support of the request for re-evaluation, Petitioner submitted to Respondent an estimate of the aggregate of the damage caused the two hurricanes and advising that because the Petitioner had not had the damage caused by Hurricane Katrina professionally evaluated within the short period of time prior to Hurricane Wilma, that Petitioner at this juncture was unable properly differentiate between the damage caused by the two hurricanes.

12. After Respondent reinspected n the damage and caused Petitioner to submit to an examination under oath and provide further information and documentation, the parties were still in a disagreement as to the total amount of the losses caused by the hurricanes.

13. As a result of the disagreement, Petitioner notified Respondent, in writing, that Petitioner was invoking the appraisal clause of the Policy to determine the full amount of the losses, and named Petitioners' appraiser.

14. Respondent has refused and/or failed, without good cause, to select an appraiser and proceed with the appraisal process in breach of its obligations under the policy.

15. Petitioner has performed all conditions precedent for the filing of this action or any and all conditions precedent have been otherwise met or waived..

16. Petitioner has been obligated to engage the undersigned attorneys for the prosecution of this action and are entitled to a reasonable attorneys fee thereby pursuant to Fla. Stat. §627.428 and /or §626.9373

## COUNT I

### PETITION TO COMPEL APPRAISAL

17. Respondent has taken the position that it has no obligation to participate in the appraisal process for the subject losses. However, Respondent's duty to participate in the appraisal process is governed by the decision of the Supreme Court of Florida in *Johnson v. Nationwide* 828 So.2d 1021 (Fla. 2002), which held that once an insurer admits that some part of an insured's loss is covered under the policy either the insurer or the insured can compel the other to have the amount of the loss determined by appraisal.

WHEREFORE, Petitioners request this Honorable Court as follows:

    a. to compel Respondent to select an appraiser and participate in the appraisal

LAW OFFICE OF KENNETH R. DUBOFF, P.A.

Petitioners are entitled to compel the appraisal process to determine the total amount of the losses. Without such a declaratory decree, Petitioners are unable to obtain Petitioners' rightful insurance benefits under the policy due to the disagreement between the parties as to the amount of the loss.

22. The declaratory relief process sought in this action is not extraordinary and is consistent with the decision of the Supreme Court of Florida in *Higgins v. State Farm* 894 So. 2d 5 (2004), in which the court held that declaratory judgment statutes are construed to authorize an action to declare the existence or nonexistence of any right, or of *"any fact upon which the existence or nonexistence of such ... right does or may depend, and whether such ... right.. now exists or will arise in the future."*

WHEREFORE, Petitioners request this Honorable Court for a declaratory judgment as follows:

    a. to declare that Respondent is in breach of obligation to proceed with appraisal;

    b. to declare that Respondent must select an appraiser and participate in the appraisal process to determine the total amount of the loss

    c. to select a neutral and competent umpire for the appraisal process

    d. to award Petitioners reasonable attorney's fees pursuant to Fla. Stat. §627.428 and/or §626.9373;

    e. to award Petitioners court costs

LAW OFFICE OF KENNETH R. DUBOFF, P.A.
ATTORNEY FOR PETITIONER
12430 WEST DIXIE HIGHWAY
NORTH MIAMI, FLORIDA 33161
TELEPHONE (305) 899-0085
FAX NO. (305) 899-0091

BY: /s/ KENNETH R. DUBOFF